UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60454-BLOOM/Valle

SHELISA TODD,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Dismiss, ECF No. [13] (the "Motion"), seeking dismissal of Plaintiff Shelisa Todd's ("Plaintiff") Complaint, ECF No. [1-2]. The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiff initially filed this action on January 26, 2017 in the Seventeenth Judicial Circuit, in and for Broward County, Florida, seeking relief for Defendant's alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.* ("RESPA"), and its implementing regulation 12 C.F.R. § 1024, *et. seq.* ("Regulation X"). *See* ECF No. [1-2] at ¶¶ 1-3. Specifically, Plaintiff seeks damages resulting from Defendant's alleged failure to comply with section 2605(k) of RESPA and section 1024.36 of Regulation X. *Id.* at ¶ 3. Defendant timely removed the matter to this Court, and now moves to dismiss the Complaint with prejudice.

Plaintiff's claim stems from her attorney's mailing of a written request for information ("RFI") to Defendant—which services the loan obligation secured by a mortgage on Plaintiff's property—pursuant to Regulation X. *Id.* at ¶¶ 12, 15. Plaintiff's attorney sent the RFI by mail on November 18, 2016, which Plaintiff and her attorney tracked through a tracking number. *Id.* at Exh. B. The RFI was delivered to Defendant on November 21, 2016. *Id.* at ¶ 16. Plaintiff alleges that her attorney did not receive a written acknowledgment to her RFI within the required statutory timeframe—i.e., by November 29, 2016—and, consequently, Plaintiff's attorney sent a follow-up Notice of Error Letter ("NOE") to Defendant on December 01, 2016. *Id.* at ¶¶ 18-19, Exh. A.

Plaintiff brings one count against Defendant for Defendant's alleged violation of 12 U.S.C § 2605(k), under which Plaintiff specifically alleges that Defendant violated 12 C.F.R. §1024.36(c) by failing to acknowledge receipt of the RFI within five business days. *Id.* at ¶¶ 22-23. As to damages, Plaintiff claims that as a result of Defendant's failure to comply with RESPA and Regulation X, she has incurred "actual damages in the amount of $6.45 for postage for mailing the NOE along with other related costs." *Id.* at ¶ 25. Defendant filed the instant Motion on March 29, 2017. ECF No. [13]. Plaintiff's Response and Defendant's Reply timely followed. *See* ECF Nos. [15], [18].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more

than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all

allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. DISCUSSION

Defendant moves the Court to dismiss the Complaint on three separate grounds: (1) Defendant did in fact timely respond to Plaintiff's RFI with a letter of acknowledgment that was sent to Plaintiff's address; (2) Plaintiff fails to allege an injury in fact and therefore lacks standing; and (3) Plaintiff fails to sufficiently allege actual damages.[1]

Plaintiff claims that Defendant violated RESPA § 2605(k) through its violation of Regulation X. *See* ECF No. [1-2] at ¶¶ 22-23. Section 2605 of RESPA governs the "serving of mortgage loans and administration of escrow accounts," and implicates Regulation X by providing in relevant part that "[a] servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." *See* 12 U.S.C. § 2605(k)(1)(E). Section 1024.36(c) of Regulation X, under the title "Acknowledgement of receipt," provides that

> Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request.

---

[1] Both parties urge the Court to review the RFI attached to the Complaint, which is central to Plaintiff's claim. Accordingly, the Court will review the attachment as appropriate in adjudicating the motion. *See Wilchombe*, 555 F.3d at 959.


12 C.F.R. § 1024.36(c).

Defendant argues that the Complaint fails to state a cause of action because Defendant timely provided written receipt to Plaintiff's RFI. According to Defendant, on November 25, 2016—two days after receiving Plaintiff's RFI—Defendant sent a timely letter of acknowledgment to Plaintiff's mailing address. That letter is attached to Defendant's Motion. *See* ECF No. [13-1] (the "Acknowledgment Letter"). In response, Plaintiff ignores altogether the assertion that Defendant sent the Acknowledgment Letter attached to Defendant's Motion directly to Plaintiff on the date indicated. *See* ECF No. [15] at 3, 8-9. For example, Plaintiff neither concedes nor refutes that she ever received the Acknowledgment Letter. Similarly, Plaintiff, if she did indeed receive the Acknowledgment Letter, offers no indication of when she received it. Instead, Plaintiff claims that the Acknowledgment Letter cannot be considered "undisputed" at this stage, arguing as follows: "The letter attached . . . contains no proof of mailing, nor does the letter itself provide any frame of reference for the 'correspondence on the above referenced loan' to which it refers." *Id.* at 8. Plaintiff therefore appears to imply that consideration of the Acknowledgment Letter requires conversion of Defendant's Motion into a motion for summary judgment. *See id.* at 8-9 ("While the Defendant may be able to substantiate this letter at the conclusion of the discovery process, it cannot rely on mere fiat to prove that this letter was generated in response to the [RFI], that it was mailed directly to the Plaintiff, and that this mailing occurred on the date set forth in the letter.").

Generally, a district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(b)). The court may, however, "consider a document

attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Id.* at 1276.

Here, the Court need not convert Defendant's Motion into one for summary judgment in order to adjudicate it. First, the Acknowledgement Letter is clearly central to Plaintiff's claim as it speaks directly to whether Defendant provided a timely written response acknowledging receipt of Plaintiff's RFI. Second, the Court finds there to be no genuine dispute with respect to the Acknowledgment Letter, notwithstanding Plaintiff's suggestion of one. At most, Plaintiff emphasizes that the Acknowledgment Letter is not accompanied by any proof of mailing. *See* ECF No. [15] at 8-9. However, Plaintiff does not actually go as far as challenging the Acknowledgment Letter's authenticity. *See Day*, 400 F.3d at 1276 ("In this context, 'undisputed' means that the authenticity of the document is not challenged."); *see also Sutton v. Ocwen Loan Servicing, LLC*, 2016 WL 4417688, at *2 n.3 (S.D. Fla. Aug. 19, 2016) ("The Acknowledgment Letter is undisputed because Plaintiffs do not challenge its authenticity . . . ."). To the contrary, with respect to the date of mailing represented on the Acknowledgment Letter— the critical consideration in this context—Plaintiff clarifies that she "is not making any accusations against the Defendant with respect to the specific date of mailing. . . ." ECF No. [15] at 9 n.1. In a similar vein, Plaintiff, as mentioned, makes no allegation that she did not receive the Acknowledgment Letter at her address within the permitted timeframe, or that she never received from Defendant a written acknowledgment of her RFI at any time, for that matter.

This latter point is especially pertinent in light of a careful review of the specific allegations actually made in Plaintiff's Complaint. Specifically, what the Complaint demonstrates through its factual allegations and attachments is that "Defendant did not provide [] written receipt to *Plaintiff's counsel* within the time period provided by 12 C.F.R. § 1024.36(c)."

ECF No. [1-2] at ¶ 18 (emphasis added); *see also* ECF No. [15] at 3 ("On December 1, 2016, having not received any written acknowledgment of receipt of the [RFI] from the Defendant, *undersigned counsel* delivered an NOE by priority mail based on Defendant's failure to respond . . . . [A]t no time, prior to the filing of the Motion to Dismiss [], was *undersigned counsel's office* ever provided with a copy of the alleged [Acknowledgment Letter]." (emphasis added). A review of the RFI itself makes sense of Plaintiff's focus on counsel's alleged non-receipt of the Acknowledgment Letter, as the RFI explicitly requests Defendant to "forward all responses to [the RFI] directly to Saavedra Goodwin, 312 SE 17th St., 2nd Floor, Fort Lauderdale, FL 33316"—counsel's address. ECF No. [1-2] at 18.[2] In light of all of the above, even drawing all reasonable inferences from the facts alleged in the Complaint in favor of Plaintiff, Plaintiff's RESPA claim as pled is clearly based—and deficiently so—on counsel's non-receipt, as opposed to Plaintiff's non-receipt, of a written acknowledgment to the RFI. *See generally Sutton*, 2016 WL 4417688, at *3; *Fiedor v. Ocwen Loan Servicing, LLC*, 2016 WL 4718166, at *2 (S.D. Fla. Sept. 9, 2016) ("[The plaintiff] fails to cite a single instance in which it has been found to be a violation of § 1024.36(c) to timely send a written acknowledgment of an RFI to a homeowner rather than to that homeowner's attorney, and the Court rejects the invitation to expand the scope

---

[2] Not surprisingly, then, Plaintiff argues first and foremost that it is not appropriate for the Court to determine here at the motion to dismiss stage the "general legal premise that an acknowledgment letter need not be sent to the borrower's authorized agent, but may be sent directly to the borrower . . . ." ECF No. [15] at 8. Plaintiff apparently fails to recognize, however, that this Court has already made that very determination in *Sutton v. Ocwen Loan Servicing, LLC*, 2016 WL 4417688, at *3 (S.D. Fla. Aug. 19, 2016), a case in which an acknowledgment letter was sent directly to the plaintiff despite a request in the plaintiff's RFI that all correspondence be directed to her attorney. This Court explained:

> [T]he Court declines to read into the statute a requirement that an acknowledgment need be sent to a borrower's attorney in order to satisfy the statutory requirements. Indeed under the plain meaning of 12 C.F.R. § 1024.36(c), the statue does not contain a requirement with respect to where an acknowledgment should be sent.

*Id.*

of the statute here to create such a violation, as it is not supported by the language of RESPA nor the case law.").

Under these circumstances, the Court cannot conclude that Plaintiff has genuinely challenged the authenticity of the Acknowledgment Letter—which indicates that it was sent to Plaintiff rather than Plaintiff's counsel—simply by pointing out the lack of proof of mailing. *See, e.g.*, *Fiedor*, 2016 WL 4718166, at *2 (observing that "it is clear that Ocwen timely provided written acknowledgment to [the plaintiff] of his RFI within the five business days allotted under the statute" without regard to proof of mailing of the acknowledgment letter attached to Ocwen's motion to dismiss); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (explaining that, with respect to the rule on converting a motion to dismiss into one for summary judgment, "[i]f the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document"). As a final note, the genuineness (or lack thereof) of Plaintiff's purported dispute with the Acknowledgment Letter is further illuminated by the patently false assertion that the Acknowledgment Letter does not "provide any frame of reference for the 'correspondence on the above referenced loan' to which it refers." ECF No. [15] at 8. Quite the contrary, the Acknowledgment Letter, in addition to being specifically addressed to Plaintiff, lists as the loan number and property address to which it corresponds to the same loan number and property address identified on the RFI. *Compare* ECF No. [13-1], *with* ECF No. [1-2] at 15. Even a cursory review of the Acknowledgment Letter would have counseled against making such an assertion.

For all of these reasons, the Court finds that the Acknowledgment Letter, properly considered within the context of Defendant's Motion to Dismiss, conclusively shows that

8

Plaintiff's RESPA claim must fail.  Given that leave to amend would be futile, the Complaint is dismissed with prejudice.[3]

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [13]**, is **GRANTED.**  The Complaint is **DISMISSED WITH PREJUDICE**.  The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 1st day of May, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[3] The Court declines to address the alternative grounds for dismissal raised in Defendant's Motion, as the first ground for dismissal is dispositive.